IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff / Respondent, | ) | |
| | ) | |
| v. | ) | Case No. 04-20013-JWL |
| | ) | 07-2578-JWL |
| ALEJANDRO SALAZAR, | ) | |
| | ) | |
| Defendant / Petitioner. | ) | |
| | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Alejandro Salazar, acting pro se, has filed a petition to vacate his sentence pursuant to 28 U.S.C. § 2255, based on allegations that he received ineffective assistance of counsel with respect to his sentencing (Doc. # 78).  The Government has responded by filing a motion to enforce petitioner's waiver in his plea agreement of collateral attacks on the sentence (Doc. # 81).  For the reasons set forth below, the Government's motion is **granted**, and Mr. Salazar's section 2255 petition is **dismissed**.


### I.    Background

On March 29, 2004, in this Court, Mr. Salazar submitted a petition to enter a guilty plea, entered into a plea agreement, and did in fact plead guilty to one count of distributing over 50 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1). The plea agreement with the Government contained the following waiver provision:

**9.** **Waiver of Appeal and Collateral Attack.** Except as set forth herein, defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution and sentence. The defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. By entering into this agreement, he knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. He also waives any right to challenge a sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 [except as limited by United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001)], as well as any motion brought under 18 U.S.C. § 3582(c)(2). In other words, he waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the court determines the defendant's prior conviction for involuntary manslaughter or either of the assault convictions arising out of the same vehicle accident is a crime of violence within the meaning of U.S.S.G. § 4B1.1 and classifies him as a career offender, and if the defendant would not otherwise be classified as a career offender within the meaning of U.S.S.G. § 4B1.1, the defendant under Fed. R. Crim. P. 11(a)(2) reserves his right to appellate review of that ruling. If the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), he is released from this waiver and may appeal his sentence as authorized by 18 U.S.C. § 3742(a).

Mr. Salazar's sentencing took place on August 23, 2004. The Court ruled that Mr. Salazar was a career offender under section 4B1.1 of the sentencing guidelines, based in part on the Court's determination that Mr. Salazar's Missouri state court conviction for driving-while-intoxicated involuntary manslaughter constituted a "crime of violence" for purposes of the guideline. Accordingly, the Court determined a guideline range of 262 to 327 months (offense level 34, criminal history VI) and sentenced Mr. Salazar at the low end of that range.

On direct appeal, the Tenth Circuit vacated Mr. Salazar's sentence and remanded

for resentencing.  *See United States v. Salazar*, No. 94-3339, 149 Fed. App'x 816 (10th Cir. Sept. 26, 2005).  The court upheld the determination that Mr. Salazar was a career offender under the guidelines, ruling that the manslaughter conviction did represent a "crime of violence" for purposes of that enhancement.  *Id.* at 817-18.  The Tenth Circuit concluded, however, that the Court had applied the guidelines in violation of *United States v. Booker*, 543 U.S. 220 (2005), which error mandated resentencing.  *Salazar*, 149 Fed. App'x at 819.

On December 19, 2005, this Court again sentenced Mr. Salazar to a term of imprisonment of 262 months.  The Tenth Circuit dismissed Mr. Salazar's subsequent appeal on the basis of the Government's motion to enforce the appeal waiver contained in the plea agreement.  *See United States v. Salazar*, No. 06-3015, 188 Fed. App'x 787 (10th Cir. July 14, 2006).  On December 7, 2007, Mr. Salazar filed his petition for relief under 28 U.S.C. § 2255.

## II.   Analysis of Section 2255 Petition

In his verified petition and supporting memorandum (which is incorporated by reference into the petition), Mr. Salazar asserts two claims of ineffective assistance of counsel in violation of the Sixth Amendment.  First, Mr. Salazar alleges that he entered into the plea and waiver based on counsel's representation that Mr. Salazar would not be sentenced as a career offender under the guidelines.  Second, Mr. Salazar alleges that counsel should have argued at resentencing that the case of *Shepard v. United States*, 544

U.S. 13 (2005), precluded application of the career offender enhancement in this case.[1]

The Government moves to dismiss Mr. Salazar's petition on the basis of the waiver contained in the plea agreement.  In *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004), the Tenth Circuit adopted a three-prong analysis for reviewing appeals brought after an appeal waiver, under which the court must determine the following: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice."  *Id.* at 1325. With respect to the third prong, enforcement of a waiver does not result in a miscarriage of justice except in the following situations:  (a) "the district court relied on an impermissible factor such as race;" (b) "ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid;" (c) "the sentence exceeds the statutory maximum;" or (d) "the waiver is otherwise unlawful," that is, the error seriously affects "the fairness, integrity or public reputation of judicial proceedings." *Id.* at 1327.  This Court has applied the *Hahn* analysis in the context of a section 2255 petition filed after waiver of a collateral attack on a conviction or sentence.  *See, e.g.,*

---

[1]Mr. Salazar's petition also appears to include an additional claim, separate from his ineffective assistance claims, by which he alleges that his sentence is illegal based on *Booker*.  In his response to the Government's motion, Mr. Salazar concedes that he is not pursuing any such claim in this petition.  Accordingly, the Court concludes that any basis for relief other than the two claims of ineffective assistance discussed herein has been abandoned.  In addition, for the reasons set forth below, any other claim would also be subject to dismissal based on Mr. Salazar's waiver.

4

*United States v. McMillon*, 2004 WL 2660641, at *3 n.2 (D. Kan. Nov. 19, 2004).

A.   Ineffective Assistance in Representing that Mr. Salazar Would Not Be Sentenced as a Career Offender

The Court first applies the *Hahn* analysis in addressing Mr. Salazar's claim that his counsel rendered ineffective assistance in representing that Mr. Salazar would not be sentenced as a career offender under the guidelines. The Court first notes that this claim does not fall within the exception in the waiver relating to the career offender determination. In that exception, Mr. Salazar reserved only the right to a direct appeal of an adverse ruling on the treatment of the manslaughter conviction—a right that Mr. Salazar did in fact exercise, unsuccessfully, on direct appeal; he did not reserve the right to pursue a collateral attack based on ineffective assistance of counsel in advising him about the applicability of the enhancement. Moreover, Mr. Salazar has not argued that his waiver was not knowing and voluntary.

The only miscarriage-of-justice situation that could apply here under *Hahn*'s third prong is the one for ineffective assistance of counsel in connection with negotiation of the waiver. In addition, the plea agreement expressly limits the section 2255 waiver to conform with *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001). In that case, the Tenth Circuit held that a defendant could not waive "the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver." *Id.* Under a liberal reading of the petition, Mr. Salazar claims that he entered into the plea agreement and waiver only because his counsel represented that

5

he would not be sentenced as a career offender, and that counsel's ineffective assistance in making such a representation renders his plea and waiver invalid. Thus, the Government's motion to enforce the plea agreement turns on the merits of Mr. Salazar's ineffective assistance claim.

Such a claim is judged under the familiar two-part test enunciated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). To satisfy that test, the petitioner must show (1) that his counsel's representation fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for the deficient performance of counsel, the outcome of the proceedings would have been different, thereby constituting prejudice to the petitioner. *See id.* at 488-91.

The Court concludes that the record in this case and the submissions of the parties conclusively show that Mr. Salazar cannot satisfy either prong of the *Strickland* test for ineffective assistance of counsel. *See* 28 U.S.C. § 2255 (permitting ruling on petition without hearing). With respect to the first prong, it cannot be said that the performance of Mr. Salazar's counsel was deficient as alleged. In the memorandum supporting his verified petition, Mr. Salazar describes his claim as follows:

> There is no question, tracking the language in the plea that Salazar waived certain rights. Despite the plain text, Salazar entered into the agreement based on false information. Salazar formed his decision to enter the plea with an understanding the career offender status did not apply, and in the remote possibility that the probation office mentioned the status, it was appealable thru [*sic*] collateral attack.

In his brief in opposition to the Government's motion, Mr. Salazar states that "[i]f

counsel doesn't assure Salazar that the very issue he now faces wouldn't happen, there is no plea;" he argues that after *Booker*, "any error is prejudicial under *Strickland*, like misleading Salazar in order to enter into a plea;" and he represents that "[a]t the end of the day, without the misrepresentations Salazar does [not] plea." Mr. Salazar has not provided any details concerning the timing, content, or context of his counsel's representations concerning the applicability of the career offender enhancement under the sentencing guidelines or concerning Mr. Salazar's expected sentence generally.

Thus, the Court is left with the bare and conclusory allegation that counsel's representation was deficient because he represented to Mr. Salazar that he would not receive the career offender enhancement and that there was only a "remote possibility" that the enhancement would be raised by the probation office in the presentence report. Thus, the gravamen of Mr. Salazar's complaint is that he was misled by his counsel's prediction concerning the expected length of his sentence. Such an allegation does not state a claim for ineffective assistance of counsel under the Sixth Amendment. As the Tenth Circuit has held, "[a] miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." *United States v. Gordon*, 4 F.3d 1567, 1570-71 (10th Cir. 1997); *see also Fields v. Gibson*, 277 F.3d 1203, 1214 (10th Cir. 2002) ("An erroneous sentence estimate by defense counsel does not render a plea involuntary. And a defendant's erroneous expectation, based on his attorney's erroneous estimate, likewise does not render a plea involuntary.") (quoting *Wellnitz v. Page*, 420 F.2d 935, 936-37 (10th Cir.

1970)).

Nor can Mr. Salazar establish the requisite prejudice here.  First, even if the career offender enhancement had not been applied, Mr. Salazar was facing a guidelines sentencing range of 235 to 293 months (derived from an offense level of 33 after a two-level enhancement based on Mr. Salazar's role in the offense).  Thus, assuming that counsel did represent that the career offender enhancement would not apply, Mr. Salazar could still have reasonably expected to receive his actual sentence of 262 months' imprisonment.

Second, Mr. Salazar's representations at the time of his plea demonstrate that he did not enter into the plea agreement and waiver based on a promise of any particular sentence.  In his sworn plea petition, Mr. Salazar represented that no one, including his attorney, had made any promise, suggestion, or prediction concerning his sentence except as contained in the plea agreement; that he knew that his sentence was "solely a matter within the control of the Judge;" and that the judge could consider a number of factors in determining Mr. Salazar's sentencing range under the guidelines and could even depart from that range.  He also represented that he was satisfied with the advice of his counsel.  In the plea agreement, Mr. Salazar acknowledged that his sentence would be determined solely by the judge, that he could not withdraw his plea if he disagreed with the sentence actually imposed, and that he was satisfied with his counsel's advice and representation.  Finally, in his plea colloquy with the Court, Mr. Salazar represented that no one had made any promises to him outside those contained in the plea agreement;

that he understood that the Court could impose a sentence different from any suggested in the plea agreement; *that he understood that his guideline sentence could not be determined until after preparation of the presentence report and that the sentence imposed could be different from any estimate given to him by his counsel*; that he had discussed with counsel the complicated issue of the applicability of the career offender enhancement and the waiver exception concerning that determination; and that he was fully satisfied with his counsel's representation and advice. Mr. Salazar's bare allegation that he would not have entered into the plea and waiver absent his counsel's faulty estimate of his sentence is insufficient to establish the requisite prejudice in the face of Mr. Salazar's prior representations to the Court. *See Gordon*, 4 F.3d at 1571.

Accordingly, Mr. Salazar has not established ineffective assistance of counsel relating to his entering into the plea agreement and waiver. Based on that failure, the Court concludes that Mr. Salazar's claim falls within the scope of his waiver of appeal and collateral attack, that his plea and wavier were knowing and voluntary, and that enforcement of the waiver would not result in a miscarriage of justice. Therefore, under *Hahn*, Mr. Salazar's waiver will be enforced, and this claim is dismissed.[2]

> B. Ineffective Assistance in Failing to Argue the *Shepard* Case at Resentencing

For his second claim of ineffective assistance of counsel, Mr. Salazar argues that

---

[2]Based on the foregoing analysis, even if the waiver were not enforced, the Court would summarily deny Mr. Salazar's claim on the merits.

counsel should have cited the *Shepard* case from the Supreme Court in opposition to the application of the career offender enhancement at resentencing.  Mr. Salazar did reserve the right to challenge on direct appeal an adverse determination concerning the characterization of his manslaughter conviction for purposes of applying the career offender enhancement; he did not, however, reserve the right to challenge any other issue relating to the enhancement by collateral attack, as he has attempted to do here.  Thus, Mr. Salazar's claim falls within the scope of the waiver contained in his plea agreement.  Moreover, as noted above, Mr. Salazar has not shown that his plea was not knowing and voluntary, nor has he established ineffective assistance of counsel in connection with the negotiation of the plea and wavier.  Therefore, under *Hahn*, the waiver shall be enforced, and this claim must also be dismissed.

The Court also notes that, even if it considered this claim, it would summarily deny the claim on the merits.  Contrary to Mr. Salazar's assertion, the *Shepard* case does not represent a "dead-bang win" for him.  In *Shepard*, the Supreme Court held that in analyzing whether a prior conviction obtained after a guilty plea constituted a "crime of violence" under the Armed Career Criminal Act (which defines that term exactly as the sentencing guidelines do), a court may consider only the statutory definition of the offense, the charging documents, facts confirmed by the defendant in the plea agreement or colloquy, and other judicial records, and may not otherwise consider the particular facts underlying the conviction.  *See Shepard v. United States*, 544 U.S. 13, 19-26.  In this case, in determining that Mr. Salazar's prior manslaughter

10

conviction was a "crime of violence" for purposes of the guidelines' career offender enhancement, the Tenth Circuit did not consider the underlying facts of Mr. Salazar's offense, but instead relied solely on the statutory elements of the offense, the language of the guidelines and commentary, and prior caselaw. *See Salazar*, 149 Fed. App'x at 817-18. This Court did not re-open the issue at the subsequent resentencing. Accordingly, the Tenth Circuit's determination that the career offender enhancement applied to Mr. Salazar (to which this Court was bound) did not run afoul of *Shepard*, and thus there would have been no reason to cite that case at resentencing. Therefore, counsel's representation was not deficient in this regard, and no prejudice could have resulted from the failure to argue that case.[3]

IT IS THEREFORE ORDERED THAT the Government's Motion for Enforcement of the Waiver in the Plea Agreement (Doc. # 81) is **granted.**

IT IS FURTHER ORDERED THAT Mr. Salazar's petition for relief pursuant to 28 U.S.C. § 2255 (Doc. # 78) is **dismissed**.

IT IS SO ORDERED.

---

[3]In fact, as a matter of strategy, Mr. Salazar's counsel argued at both the original sentencing and the resentencing that the Court *should* consider the underlying facts of Mr. Salazar's conviction in determining his sentence. Although the Court did not agree with counsel that those facts weighed in favor of a more lenient sentence, counsel's decision to pursue that argument was not unreasonable.

Dated this 18th day of April, 2008, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge